# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Petitioner,* v. **ONE (1) 2005 BENTLEY: CONTINENTAL,** *et al.,* *Defendant Properties,* **IRA CHRISTOPHER JACKSON,** *Claimant,* **WELLS FARGO DEALER SERVICES,** *Claimant.* | **CIVIL ACTION NO. 5:15-cv-00123-TES** |

### ORDER DENYING CLAIMANT'S RULE 60(b)(1) MOTION

Before the Court is Claimant Ira Jackson's Motion to Vacate Default Judgment [Doc. 41] under Rule 60(b)(1) in which he asks the Court to vacate its judgment in favor of Petitioner United States of America [Doc. 40]. For the reasons that follow, the Court **DENIES** this motion.

### **Background**

On April 7, 2015, Petitioner filed this civil forfeiture action against one 2005 Bentley Continental, GT Coupe and jewelry worth approximately $23,000. [Doc. 1]. In response, Jackson filed a Direct Challenge to Personal Authority [Doc. 5] and a *pro se* Motion for

Return of Property [Doc. 6]. Petitioner interpreted Jackson's Motion for Return of Property [Doc. 6] as a claim and prayer for relief but filed a response to the motion "out of an abundance of caution." [Doc. 6, at 2]. However, before the Court ruled on Jackson's motions, Petitioner filed a Motion to Stay Proceedings [Doc. 10] and a Motion to Seal Documents in light of the underlying criminal proceedings against Jackson. [Doc. 10-1, at 3]. On September 23, 2015, the Court granted both of Petitioner's motions thereby sealing and staying the case while the criminal case against Jackson was resolved. [Docs. 15 & 17].

After the Court ordered the stay, but before it was lifted, Jackson, now represented by counsel, filed an additional Motion for Return of Property [Doc. 19], asserting violations of his due process rights and that there was no evidence that the subject property was "related to criminal activity." [Doc. 19, at 3-4]. Around the same time, Claimant Wells Fargo Dealer Services ("Wells Fargo") filed a claim asserting a property interest in the 2005 Bentley Continental based on financing it provided to Jackson to purchase the vehicle. [Doc. 21, at ¶ 1].

In June 2017, Jackson reached a plea agreement in his criminal case. Accordingly, in November 2017, Petitioner filed a motion to lift the stay and requested an order requiring Claimants Jackson and Wells Fargo to file an answer to Petitioner's complaint

as required by 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims.[1] [Doc. 23].

On January 25, 2018, the Court lifted the stay and ordered Claimants Jackson and Wells Fargo to file answers to Petitioner's Complaint [Doc. 1] within 21 days of the Court's order. [Doc. 24]. Soon after, Wells Fargo refiled its claim against the subject property and an answer complying with Rule G. [Docs. 28 & 29]. However, Jackson did not file an answer within the 21-day period. Instead, on March 5, 2018, 39 days after the Court ordered Jackson to file an answer to the complaint, Jackson's counsel requested additional time from Petitioner to file his answer, to which Petitioner agreed. [Doc. 33, at ¶ 8]. On April 4, 2018, Petitioner sent a certified letter to Jackson's counsel requesting an answer within ten days of receipt; however, this letter was returned as undelivered on May 2, 2018. [*Id.* at 9]. When Petitioner learned its letter was not delivered, it promptly emailed Jackson's counsel requesting a new mailing address and the required answer within ten days of receiving the email. [*Id.* at 10]. Jackson's counsel acknowledged receiving the email, but never submitted the required answer. [*Id.* at 10].

---

[1] Petitioner acknowledged that any answer Claimants filed would be untimely but elected not to object to their untimeliness:
> [Jackson] initially filed his claim *pro se*, and his counsel of record did not file an entry of appearance until after the United States filed a motion requesting that the civil forfeiture action to be stayed. Additionally, the Government does not object to Wells Fargo Dealer Services filing an out of time answer because the civil forfeiture action was stayed when its claim was initially filed.

[Doc. 23, at ¶ 12].

After its unsuccessful attempts to obtain an answer from Jackson's counsel, Petitioner filed a Motion to Strike Jackson's claims [Doc. 31] for failure to submit the required Rule G answer. The Court granted the motion on June 22, 2018, without objection from Jackson's counsel. [Doc. 33]. Soon after Jackson's claims were struck, Petitioner and Wells Fargo entered into an expedited settlement agreement entitling Wells Fargo to the balance it was owed under the terms of its financing agreement with Jackson. [Doc. 35]. Based on this agreement, the Court entered a Final Order of Forfeiture [Doc. 39] on August 23, 2018 and its final judgment on September 7, 2018 [Doc. 40].

Following the entry of judgment, Jackson filed the instant motion asking the Court to vacate judgment because his attorney "abandoned [him] by failing to continue in his representation."[2] [Doc. 41, at ¶ 4]. Jackson maintains that he was diligent in communicating with his attorney regarding the status of his case and submitted approximately 40 pages of emails in support and that the judgment against him was the result of his attorney's neglect. [*Id.* at ¶ 5].

## **Discussion**

Jackson's motion poses two questions for the Court. First, is Jackson bound by the acts of his attorney such that he is responsible for his attorney's failure to comply with

---

[2] Although Jackson refers to this motion as a Motion to Vacate a Default Judgment, no default judgment was ever entered against Jackson. Instead, as noted above, the Court struck Jackson's claims to the subject property for failure to comply with Rule G of the Supplemental Rules for Admiralty or Maritime Claims. *See* [Doc. 33]; *see also United States v. $12, 126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009) (discussing claimant's filing requirements in civil forfeiture action).

4

the Court's Order to file an answer? And, if so, was Jackson's attorney's failure to file the answer excusable neglect under Rule 60(b)(1)? With respect to the first question, the Court concludes that Jackson is bound by the acts of his attorney for purposes of this motion. When considering whether there was "excusable neglect" under Rule 60(b)(1), the Court must consider the conduct of both the client and their attorney. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) ("[I]n determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable."); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."). In other words, when a court is considering a Rule 60(b)(1) motion, the conduct of an attorney must be imputed to their client. Accordingly, Jackson cannot argue that the judgment ought to be reopened because he was diligent in pursuing his case while his attorney was allegedly neglect in failing to file the required answer.

Some courts have recognized an exception to this rule, however, where an attorney has "abandoned" a client thereby severing the principal-agent relationship. *See, e.g.*, *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015) ("[A] lawyer's abandonment of the client ends the agency relation. Abandonment leaves the client responsible for its own conduct, but not for the lawyer's."). Jackson appears to rely on this exception in his

motion but cites no cases from this circuit recognizing such an exception. However, putting aside the question of whether the exception exists in this circuit, it is clear that Jackson and his attorney never severed the principal-agent relationship. The emails reflect an ongoing understanding that Jackson's attorney was acting on Jackson's behalf as recently as September 2, 2018, well after the deadline for filing the required answer. *See* [Doc. 41-1, at 47]. Accordingly, the general rule that a client is bound by the acts of his or her attorney applies.[3]

Therefore, the question in this case is whether Jackson's attorney's failure to comply with the Court's order to file an answer was "excusable neglect" under Rule 60(b)(1)? The Court finds that it clearly was not. Whether neglect is excusable is an equitable determination in the discretion of the Court. *See United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012) ("We review a district court's denial of relief under Rule 60(b) for an abuse of discretion…. [W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission.") (internal quotations omitted) (alteration in original). In *Davenport*, the Eleventh Circuit identified several relevant factors in this inquiry including the length of the delay, prejudice to other parties, and the reason for the delay. *Id*. Each of these factors counsels against granting Jackson's Rule 60(b)(1) motion.

---

[3] The Court is sympathetic to Jackson's position to the extent that he was diligent in communicating with his attorney. Nevertheless, any relief now available to Jackson for his predicament must be sought from his attorney and his attorney's malpractice carrier.

For starters, Jackson is, in actuality, asking the Court to not only reopen its judgment but to also vacate its order striking his claim. Viewed in this light, the Court finds that the three-month delay in requesting relief is too substantial to justify granting Jackson's motion, particularly in light of the fact that Jackson has made no effort whatsoever to cure the defect that caused his claim to be struck in the first place. Moreover, granting the motion would significantly prejudice the other parties because allowing Jackson to reassert his claims would undermine Petitioner and Wells Fargo's settlement agreement. Finally, courts have held time and again that an attorney's failure to comply with clear deadlines is not excusable neglect absent some exigent circumstances. *See Davenport*, 668 F.3d at 1324 (11th Cir. 2012) (finding district court did not abuse its discretion when it found attorney's failure to comply with clear deadline was not excusable neglect); *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 744 (11th Cir. 2017) ("This Circuit recognizes that an attorney's failure to understand or review clear law categorically cannot constitute excusable neglect."); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("An attorney's failure to follow the clear dictates of a court order does not amount to excusable neglect."). As in the cases cited above, the requirements of the Court's previous order (as well as 18 U.S.C. § 983 and Rule G) were clear and unambiguous. *See* [Doc. 24, at 2] ("Claimants Ira Christopher Jackson and Wells Fargo Dealer Services are ORDERED to file an answer or otherwise respond within twenty-one (21) days of the date of this Order."). Any failure to comply appears

7

to be the result of Jackson's attorney's dereliction of duty which is simply not a basis for relief under Rule 60(b)(1).

For the reasons stated above, the Court **DENIES** Jackson's Motion to Vacate Default Judgment [Doc. 41].

**IT IS SO ORDERED** this 17th day of October, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**